**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **RAUL RIVAS COY-PEC,** |
|         **Petitioner,** |
|         **v.** |
| **J.L. JAMISON,** *et al.*, |
|         **Respondents.** |

**CIVIL ACTION NO.  26-4318**

**ORDER**

**AND NOW,** this 25th day of June 2026, upon consideration of Raul Rivas Coy-Pec's Petition for Writ of Habeas Corpus [Doc. No. 1] and the government's Opposition [Doc. No. 6], and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Petition [Doc. No. 1] is **GRANTED** as follows:

1. It is hereby **DECLARED** that Rivas Coy-Pec continued detention is in violation of the Immigration and Nationality Act. Rivas Coy-Pec is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. The Writ of Habeas Corpus shall issue, and the government shall **RELEASE** Rivas Coy-Pec from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than 5:00 p.m. ET on June 25, 2026.

3. The government is temporarily enjoined from re-detaining Rivas Coy-Pec for seven days following his release from custody.

4. The government shall, immediately upon Rivas Coy-Pec's release, return all personal belongings confiscated upon or during his detention, including his identification and personal documents.

5. The Court defers any award of costs or reasonable attorney fees at this time.

6. If the government chooses to pursue renewed detention of Rivas Coy-Pec after the seven-day period mentioned in Paragraph 3, it must first provide him with notice and an opportunity to be heard at a bond hearing, at which a neutral immigration judge will determine whether Rivas Coy-Pec poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Rivas Coy-Pec from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Rivas Coy-Pec is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Rivas Coy-Pec if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. In that eventuality, the Court will then determine whether to grant the request and permit transfer of Rivas Coy-Pec.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

CYNTHIA M. RUFE, J.